**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

GALEN J. SMITH,

        Plaintiff,

v.                                                                                     No. 16cv54 JCH/SMV

MONARCH PROPERTIES, INC.,
ENCINO GARDENS APARTMENTS, INC.,
JOANN HOHMANN, and
SHERYL EVANS,

        Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* AND
DISMISSING COMPLAINT**

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form, Doc. 2, filed January 25, 2016 ("Short Form Application"), on his Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), Doc. 7, filed February 22, 2016 ("Long Form Application"), and on his Complaint for Declaratory Judgment and Injunctive Relief, Discrimination in HUD Housing, Deprivation of Civil Rights, Breach of Lease Contract, Negligence, Reckless Disregard, Willful Neglect, Fraud, Damage to Property and Intentional Infliction of Emotional Distress, Doc. 1, filed January 25, 2016 ("Complaint").   For the reasons stated below, the Court will **GRANT** Plaintiff's Long Form Application, **DENY** his Short Form Application **as moot**, and **DISMISS** the Complaint **without prejudice.**   Plaintiff shall have 21 days from entry of this Order to file an amended complaint.   Failure to timely file an amended complaint may result in dismissal of this case without prejudice.

**Applications to Proceed** *in forma pauperis*

Plaintiff filed his first motion to proceed *in forma pauperis* using the Short Form Application. *See* Doc. 2. The Court notified Plaintiff that the Court now requires plaintiffs seeking to proceed without prepaying fees to use the Long Form Application. *See* Order to Cure Deficiency, Doc. 6. Plaintiff then filed his a second motion to proceed *in forma pauperis* using the Long Form Application. *See* Doc. 7.

The Court will grant Plaintiff's Long Form Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff states that: (i) his monthly income is $758.00 in disability and public assistance; (ii) his monthly expenses are $757.10; (iii) he has $81.28 in cash and in bank accounts; and (iv) he is unemployed. The Court finds that Plaintiff is unable to prepay the fees to initiate this action because Plaintiff is unemployed and his monthly expenses are approximately equal to his monthly income. Because it is granting Plaintiff's Long Form Application to proceed *in forma pauperis*, the Court will deny Plaintiff's Short Form Application as moot.

**Dismissal of Proceedings** *In Forma Pauperis*

The statute governing proceedings *in forma pauperis* requires federal courts to dismiss an *in forma pauperis* proceeding that "is frivolous or malicious; ... fails to state a claim on which relief may be granted; ... or seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2). "Dismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). "In determining whether a dismissal is proper, we must accept the allegations of the

2

complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." *Kay v. Bemis*, 500 F.3d at 1217. The Court looks to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief, i.e. the factual allegations must be enough to raise a right to relief above the speculative level. *See id.* at 1218 (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Dismissal of an *in forma pauperis* complaint as frivolous is not an abuse of discretion based on a determination that the *pro se* litigant did not state a viable legal claim and that the complaint consisted of little more than unintelligible ramblings. *Triplett v. Triplett*, 166 Fed.Appx. 338, 339-340 (10th Cir. 2006). However, "pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings." *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991).

Plaintiff brings this case pursuant to 42 U.S.C. § 794a (remedies for disability discrimination pursuant to the Rehabilitation Act), 42 U.S.C. § 1983, 28 U.S.C. § 2201 (Declaratory Judgment), the Fourth and Fifth Amendments of the United States Constitution, and *Bivens*. *See* Complaint at 1. Plaintiff is a tenant of an "apartment building owned and operated by Defendants under programs of the United States Department of Housing and Urban Development." Complaint at 2. This case arises from a bedbug infestation at the apartment complex, Defendants' attempt to exterminate the bedbugs, Defendants' notices to Plaintiff of termination of his lease due to the alleged "excessive clutter" in his apartment which allegedly hindered effective extermination, and damage to Plaintiff's property.

Plaintiff claims Defendants violated the Rehabilitation Act. Section 504 of the Rehabilitation Act provides that "no otherwise qualified individual with a disability ... shall, solely

3

by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a).   "To state a claim under Section 504, a plaintiff must prove (1) that he is a 'handicapped individual' under the Act, (2) that he is 'otherwise qualified' for the [benefit] sought, (3) that he was [discriminated against] solely by reason of his handicap, and (4) that the program or activity in question receives federal financial assistance."   *Cohon ex rel. Bass v. New Mexico Dep't of Health*, 646 F.3d 717, 725 (10th Cir. 2011).

> Plaintiff makes the following conclusory allegations regarding discrimination:
>
> Defendants discriminated against Plaintiff without just cause as compared to other tenants in treating personal property to eliminate pests, then asserted the consequences of that discrimination as grounds for terminating his lease, and exclude Plaintiff as a class of one whose disabilities do not include incapacity or ignorance or lack of courage or other loss of mental function that would deprive him of the ability to resist abusive treatment.
> . . . .
> The failure of Plaintiff to put strips in the bags in the salon is not a condition of the lease agreement, rather, a unilateral, discriminatory imposition made by Defendants.
>
> Defendants' failure to require its agent to put insecticide strips into the bags containing Plaintiff's personal property in his apartment and in the salon discriminated against Plaintiff in comparison to treatment of other, more favored tenants, and leading to the circumstances on which Defendants rely for alleging Plaintiff violated the lease, depriving Plaintiff of his property interest in the lease contract and he federal rent subsidy benefit conditioned on the lease.
>
> Defendants have created a suspect classification of tenants who, though having other qualifying disabilities, are not lacking in cognitive function or force of will to such extent they will endure oppression without meaningful resistance.
> . . . .
>
> Defendants seek to remove Plaintiff out of ulterior personal motive, to prevent exposure of Defendants' incompetence and misdeeds by eliminating one capable of resistance, to forestall organizing of residents.

Complaint at 4, 12-13.   Plaintiff fails to state a claim under the Rehabilitation Act because he has

not made any factual allegation that he was discriminated against solely by reason of his handicap.

Plaintiff also claims Defendants violated his Due Process rights because the lease termination notice "does not state with sufficient specificity what Plaintiff would have to do to meet lease term—what constitutes 'excessive clutter,' if not the HUD standard." Plaintiff appears to seek relief pursuant to 42 U.S.C. § 1983 and *Bivens*. See Complaint at 1. Section 1983 only authorizes suits against persons acting under color of state law. See McCarty v. Gilchrist, 646 F.3d 1281, 1285 (10th Cir. 2011)("Section 1983 provides a federal civil remedy for the deprivation of any rights, privileges, or immunities secured by the Constitution by any person acting under color of state law"). The "state action doctrine requires that the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible and the party charged with the deprivation must be a person who may fairly be said to be a state actor." Stone v. Elohim, Inc., 336 Fed.Appx. 841, 842 (10th Cir. 2009) (quoting Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 937 (1982)). "Private persons may be said to act under color of state law if they are jointly engaged with state officials in the challenged action . . . But private conduct that is not fairly attributable to the State is simply not actionable under § 1983, however discriminatory or wrongful the conduct is." Hall v. Witteman, 584 F.3d 859, 864 (10th Cir. 2009). A "*Bivens* claim can be brought only against federal officials in their individual capacities. *Bivens* claims cannot be asserted directly against the United States, federal officials in their official capacities, or federal agencies." *Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009). The Court will dismiss Plaintiff's claims pursuant to 42 U.S.C. § 1983 and *Bivens* because Defendants are not state actors or federal officials.

Finally, Plaintiff claims Defendants breached the HUD lease contract by not maintaining the apartment in livable condition and makes the following state law claims: negligence, reckless disregard, willful neglect, fraud, intentional infliction of emotional distress and prima facie tort. Those state law claims are based on Defendants' alleged lack of adequate measures to prevent a bedbug infestation, inadequate response to the bedbug infestation, threats to terminate Plaintiff's lease, and damage to Plaintiff's property. The Court, having dismissed all of Plaintiff's federal law claims, declines to exercise supplemental jurisdiction over Plaintiff's state law claims. *See Nielander v. Bd. of Cnty. Comm'rs,* 582 F.3d 1155, 1172 (10th Cir.2009) ("Under 28 U.S.C. § 1367(c), a district court may decline to exercise supplemental jurisdiction if . . . the district court has dismissed all claims over which it has original jurisdiction").

Because it is dismissing all of Plaintiff's claims, the Court will dismiss Plaintiff's Complaint without prejudice. Plaintiff may file an amended complaint within 21 days of entry of this Order. Failure to timely file an amended complaint may result in dismissal of this case without prejudice.

**Compliance with Rule 11**

While the Court will permit Plaintiff to file an amended complaint, he must do so consistent with Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's

>knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
>**(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
>**(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
>**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
>**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).   Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives.   *See* Fed. R. Civ. P. 11(c).

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]").   28 U.S.C. § 1915(d).   Rule 4 provides that:

>At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

Fed. R. Civ. P. 4(c)(3).

The Court will not order service of Summons and Complaint on Defendants at this time because the Court has dismissed Plaintiff's Complaint without prejudice.   The Court will order service if Plaintiff timely files an amended complaint which states a claim, and which includes the addresses of every defendant named in the amended complaint.

**IT IS ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), Doc. 7, filed February 22, 2016, is **GRANTED.**

**IT IS ALSO ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form), Doc. 2, filed January 25, 2016, is **DENIED as moot.**

**IT IS FURTHER ORDERED** that Plaintiff's Complaint for Declaratory Judgment and Injunctive Relief, Discrimination in HUD Housing, Deprivation of Civil Rights, Breach of Lease Contract, Negligence, Reckless Disregard, Willful Neglect, Fraud, Damage to Property and Intentional Infliction of Emotional Distress, Doc. 1, filed January 25, 2016, is **DISMISSED without prejudice.** Plaintiff may file an amended complaint within 21 days of entry of this Order.

_____
UNITED STATES DISTRICT JUDGE